Alexis D. Malone SBN 236356
Law Office of Alexis D. Malone
333 Gellert Blvd. Suite 209
Daly City, CA 04015
Tel: 650-755-7000
Fax: 650-745-4252
adm@lexilaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>MICHAEL C. and KATHLEEN E. BURWELL-CALLERO<br><br>Address:<br>1649 Aylesbury Way<br>Roseville, CA 95747<br><br>Last four digits<br>of Social Security: \*\*\*\*0338<br>　　　　　　　　　　\*\*\*\*5762 | Case No.: 09-61448<br>Chapter 7<br><br>JOINT DEBTOR'S DECLARATION IN SUPPORT OF MOTION FOR CONTEMPT AGAINST<br>BAYVIEW LOAN SERVICING, LLP FOR VIOLATION OF DEBTOR'S DISCHARGE IN THE ABOVE REFERENCED CASE<br><br>HEARING SCHEDULED:<br>Hon. Stephen L. Johnson<br>Date: September 11, 2013<br>Time: 2:00pm<br>Courtroom: 3099<br>280 South First Street<br>San Jose, CA 95113 |

### DECLARATION IN SUPPORT OF MOTION FOR CONTEMPT

I, Kathleen E. Burwell-Callero declare:

1. I am a debtor in this Chapter 7 case.

2. The facts contained herein are true and correct and if called upon as a witness I, individually, could truthfully and competently testify thereto.

3. On August 13, 2009, my husband, Michael C. Burwell-Callero, and I "short sold" property located at 1993 Garmish Court, South Lake Tahoe, CA 96150.

4. First mortgage holder Bank of America was paid approximately $540,296.00 plus loan payoff charges of $3,000.00 at close of escrow. The deficiency balance was between $840,000 and approximately $849,000.

5. Second mortgage holder, Bank of America, NA did not receive funds from the short sale.

6. We filed for bankruptcy Dec. 30, 2009.

7. We listed the 1993 Garmish Court property deficiency to Bank of America on Schedule F. In addition to the first mortgage, we also listed and noticed the $63,752.00 unpaid second mortgage owed to Bank of America.

8. We received our bankruptcy discharge June 14, 2010.

9. Subsequent to the discharge, Bank of America transferred collection of the deficiency, approximately $849,000.00 to Bayview Loan Servicing, LLP, also known as Bayview Loan Servicing (hereinafter Bayview).

10. Both Bank of America and Bayview continued to collect against the discharged debt.

11. On May 10, 2012 we filed a Motion for Contempt and Damages against Bank of America and Bayview Loan Servicing, LLC (sic).

12. On or about August 25, 2012, my husband and I stipulated to settlement terms with the Bank of America and Bayview.

13. Those settlement terms included, in relevant part, an agreement that all collection attempts against the Garmish deficiency would stop and that Bayview would notify the Credit Reporting Agencies that the debt had been discharged in the bankruptcy.

14. On or about February 6, 2012, Bayview issued a Form 1099-C in my husband's name claiming that they had cancelled $312,872.00 of debt on July 31, 2012 owed to them on the Garmish property.

15. This form was also sent to the IRS.

16. Our attorney requested several times that Bayview re-issue the statement showing that zero dollars were owed in 2012.

17. The cancellation of debt notice makes both my husband and me liable to the IRS for tax on the "cancelled" $312,872.00.

18. Defeating the liability claim with the IRS would have taken additional time and resources.

19. In hope of receiving a corrected 1099-C in time, we filed for a 2012 filing extension.

20. We will have to file our 2012 taxes by October 15, 2013.

21. We have not received a corrected 1099-C as of this date.

22. In June 2013, my husband and I applied for a home mortgage.

23. Our lender ran our credit report and found that the report showed that our "debt" to Bayview is still being listed as 180 days past due as of August 2012.

24. The debt was not identified as having been discharged in bankruptcy.

25. We have brought the instant motion for contempt as a result of these two failures by Bayview to abide by the terms of our previous settlement.

Dated: July 29, 2013 */s/Kathleen E. Burwell-Callero*
Roseville, California Kathleen E. Burwell-Callero